**In re Susan Lynn SHAW and Carlus Anthony Shaw, Debtors.**

**AT & T UNIVERSAL CARD SERVICES CORPORATION, Plaintiff,**

v.

**Susan Lynn SHAW, Defendant.**

**Bankruptcy No. 93–4094–BKC–3P7. Adv. No. 93–435.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Aug. 15, 1994.

Edward P. Jackson, Jacksonville, FL, for defendant.

Sidney E. Lewis, Jacksonville, FL, for plaintiff.

Charles W. Grant, Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding came before the Court upon the complaint of AT & T Universal Card Services Corporation seeking to except a debt from discharge pursuant to 11 U.S.C. § 523(a)(2)(A). A trial was held on July 27, 1994. Upon the evidence presented the Court enters the following findings of fact and conclusions of law:

### Findings of Fact

Defendant signed an application for a credit card with plaintiff July 19, 1993. Defendant indicated an annual family income of $35,000.00 on the application. At that time, co-debtor Carlus Shaw's biweekly income was between $700.00 and $900.00 which is between $18,00.00 and $23,400.00 annually.

Based on plaintiff's credit policies, an annual income of $35,000.00 entitled defendant to receive a card with a $5,000.00 credit limit. Plaintiff's credit policies require an annual income of $15,000.00 to issue a credit card with a $3,000.00 limit.

Plaintiff opened a credit card account and issued a credit card with a $3,000.00 credit limit to defendant on July 25, 1993. Defendant's husband was also an authorized user on the account and a card was issued in his name. Defendant first used the card August 9, 1993.

On August 25, 1993, defendant consulted an attorney who recommended bankruptcy. Defendant did not use the card after August 25, 1993. Subsequent to defendant's consulting the attorney defendant's husband used the card.

Plaintiff revoked defendant's credit privilege, by letter, September 17, 1993.

### Conclusions of Law

Section 523 of the Bankruptcy Code provides the circumstances under which a particular debt will be excepted from a debtor's discharge. Plaintiff brings this action under subsection (a)(2) of section 523 which states in relevant part:

(a) A discharge under ... this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud

In *In re Rivera*, 151 B.R. 602 (Bankr.M.D.Fla.1993), this Court recognized that although rendered under the Bankruptcy Act of 1898 *First National Bank of Mobile v. Roddenberry*, 701 F.2d 927 (11th Cir. 1983) retains its precedential value and continues to bind this Court. In *Roddenberry* the Eleventh Circuit held that "only after such clear revocation has been communicated to the cardholder, will further use of the card result in liabilities obtained by 'false pretenses or false representation'" *Id.* at 932. Thus only charges made after revocation are obtained by false pretense or false representation and are non-dischargeable under § 17(a).

Having rejected the implied representation theory of non-dischargeability of credit card debt plaintiff may still proceed under the actual fraud provision in § 523(a)(2)(A). In order to prevail on a fraud claim, plaintiff must prove:

1) Defendant made material false representations;

2) At the time she made them she knew the representations were false;

3) That she made them with the intention of deceiving the other party;

4) That the other party relied upon these representations; and

5) That the other party sustained damages as the proximate result of those misrepresentations.

*In re Rivera*, 151 B.R. 602. The party claiming the exception to discharge has the burden of proving each of the elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

Applying these factors in this case, the Court finds that defendant did not make any material misrepresentation of fact, did not possess the intent to deceive plaintiff, and to the extent plaintiff relied on the representation of defendant no damage resulted because the credit limit on the card issued to defendant was consistent with a lower income than the credit policy allowed. Consequently, plaintiff has not sustained its burden of establishing each of the elements necessary to establish actual fraud and non-dischargeability of defendant's debt to plaintiff.

The Court retains jurisdiction over any motion filed by debtor pursuant to 11 U.S.C. § 523(d). The Court will enter a separate judgment consistent with these findings of fact and conclusions of law.

*JUDGMENT*

Upon findings of fact and conclusions of law separately entered, it is

ORDERED:

1. Judgment is entered in favor of Defendant, SUSAN LYNN SHAW and against Plaintiff, AT & T Universal Card Services Corporation.

. 2. Pursuant to 11 U.S.C. § 523(a)(2)(A), Defendant's debt to Plaintiff is discharged.

3. The Court retains jurisdiction to hear any motion for attorney's fees filed by Defendant pursuant to 11 U.S.C. § 523(d).